IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD TROYER and MICHELLE TROYER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )  CIVIL NO. 10-258-GPM<br>) |
| JEFF FOSTER TRUCKING, INC., | )<br>) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)) ("Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."). Plaintiff Donald Troyer brings this action for negligence against Defendant Jeff Foster Trucking, Inc. ("Jeff Foster"), in connection with injuries Mr. Troyer suffered in a major traffic accident that occurred on Interstate 57 in Franklin County, Illinois, on April 21, 2009. Mr. Troyer's wife, Plaintiff Michelle Troyer, asserts a derivative claim for loss of consortium. Federal subject matter jurisdiction is alleged on the basis

of diversity of citizenship pursuant to 28 U.S.C. § 1332. Having reviewed the operative complaint in this case, the Court detects a flaw in the Troyers' pleading of jurisdictional facts.

In general, federal courts have original subject matter jurisdiction in diversity in cases in which there is complete diversity of citizenship among the parties and in which an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003); *Rehkemper & Son, Inc. v. Indiana Lumbermens Mut. Ins. Co.*, Civil No. 09-858-GPM, 2010 WL 547167, at *2 (S.D. Ill. Feb. 10, 2010). Complete diversity of citizenship means, of course, that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). *See also Market St. Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 589 (7th Cir. 1991) (under "the requirement of complete diversity of citizenship . . . no party on one side of the case may be a citizen of the same state as any party on the other side"); *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) ("For a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant."). In a case filed in federal court, the plaintiff as the proponent of federal subject matter jurisdiction has the burden of proof as to the existence of such jurisdiction. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447-48 (7th Cir. 2005); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009).

It is clear from the allegations of the Troyers' complaint that an amount in excess of $75,000, exclusive of interest and costs, is in controversy. Both Mr. Troyer and his wife seek damages in excess of $75,000. *See* Doc. 2 at 5, 8. Moreover, the Troyers' complaint alleges that negligence on the part of Jeff Foster

> caus[ed] [Mr. Troyer] to sustain severe and permanently disabling injuries, more specifically to-wit: that he sustained injury to his right shoulder, neck, significant emotional distress and injury to his body as a whole, he has suffered physical pain and he has sustained mental anguish and disfigurement; and has expended, or will become liable to expend, and in the future will continue to expend large sums of money in procuring the necessary hospital and medical treatment; that he has lost and in the future will continue to lose large sums of money by his inability to pursue his normal gainful occupation all to the damage of the Plaintiff in a substantial amount.

*Id*. at 4-5. Additionally, Mrs. Troyer alleges that she "has suffered lost income and loss of consortium due to her husband's injuries." *Id*. at 7. It is apparent from the allegations of the Troyers' complaint that the jurisdictional amount for diversity purposes is met in this case. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that diversity jurisdiction was proper where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (in a case arising from a slip-and-fall incident, holding that the amount in controversy for purposes of federal diversity jurisdiction was satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold."); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-29 (7th Cir. 1997) (holding the amount in controversy for diversity purposes was satisfied where the plaintiff's medical expenses amounted to $4,400 and the plaintiff sought damages for "future

medical treatment and disability care, future pain and suffering, future mental anguish, loss of past wages and impairment of future earning capacity"); *Ebersohl v. Bechtel Corp.*, Civil No. 09-1029-GPM, 2010 WL 785973, at *2 (S.D. Ill. Mar. 4, 2010) (the jurisdictional amount was met where the plaintiff alleged severe and permanent physical injury, past and future medical expenses and lost income, pain and suffering, and emotional distress).

As to complete diversity of citizenship, the Troyers' complaint alleges that Jeff Foster is a corporation incorporated under Wisconsin law with its principal place of business in Wisconsin, and thus Jeff Foster is a citizen of Wisconsin for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). *See also Frakes v. B & J Food Serv. Equip. of Mo., Inc.*, Civil No. 10-247-GPM, 2010 WL 1418567, at *2 (S.D. Ill. Apr. 7, 2010) (citing *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010)) (a corporation's principal place of business for diversity purposes is the state where the corporation has its headquarters or nerve center). Unfortunately, the Troyers fail properly to allege their own citizenship for purposes of federal diversity jurisdiction, because their complaint alleges only that the Troyers are "residents of the State of Missouri[.]" Doc. 2 at 2. To invoke diversity jurisdiction, a natural person must be alleged to be a citizen of a state, not a resident of a state. "[A]llegations of residence are insufficient to establish diversity jurisdiction . . . . It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)) (remanding a case removed to federal court in diversity jurisdiction to the district court with instructions to remand the case to state court for lack of subject matter jurisdiction because the removing party failed to

amend allegations of the residence of individual parties to allege the citizenship of those parties, despite multiple opportunities to amend). *See also Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction."); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("[A]lthough the parties claimed diversity jurisdiction, the complaint failed to allege the citizenship of either party, instead stating the residence of each.  Of course, allegations of residence are insufficient to establish diversity jurisdiction."); Form 7, Appendix of Forms, Fed. R. Civ. P. (a proper allegation of a plaintiff's citizenship for diversity purposes is that "[t]he plaintiff is a citizen of Michigan[.]") (bracket, italics, and underlining omitted).  The state citizenship of a natural person for diversity purposes depends in turn on the location of the person's domicile, that is, the state where the person is physically present with the intent to remain there indefinitely.  *See Gilbert v. David*, 235 U.S. 561, 569 (1915) ("If a person has actually removed to another place, with an intention of remaining there for an indefinite time, and as a place of fixed present domicil, it is to be deemed his place of domicil, notwithstanding he may entertain a floating intention to return at some future period."); *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) ("Citizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain[.]"); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) ("[I]t takes physical presence in a state, with intent to remain there, to establish domicile."); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006) ("'Citizenship' for diversity purposes is determined . . . by a party's domicile, which means the state where a party is physically present with an intent to remain there indefinitely.") (citations omitted).  The Troyers must amend their complaint to allege that they are citizens of Missouri, not residents of Missouri.

To conclude, the Troyers are **ORDERED** to file an amended complaint that alleges that they are citizens of Missouri, not residents of Missouri, no later than 12:00 noon on Friday, May 7, 2010. Failure by the Troyers to file an amended complaint as herein ordered will result in the dismissal of this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of federal subject matter jurisdiction. *See Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4544393, at *1 (S.D. Ill. Dec. 1, 2009); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).[1]

**IT IS SO ORDERED.**

DATED: May 4, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

1. As a final matter, the Court reminds the Troyers that the jurisdictional facts contained in their amended complaint must be alleged not on the basis of "information and belief" but on personal knowledge. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).